FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0816

DA 14-0816

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 171N

JEREMIAH WORM,

        Plaintiff and Appellant,

   v.

SONJA PETERSON,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
                      In and For the County of Fergus, Cause No. DV-12-20
                      Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jeremiah Worm (Self-Represented), Shelby, Montana

        For Appellee:

            Dennis A. Butler, Stogsdill & Birdwell, P.C., Lewistown, Montana

                         Submitted on Briefs:  May 27, 2015
                                  Decided:  June 23, 2015

Filed:

                                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jeremiah Worm appeals from the District Court's order filed November 28, 2014, dismissing the action. We affirm.

¶3     In 2008 Worm sued his former girlfriend Sonja Peterson to recover damages for personal injury that he alleged he sustained when she stabbed him in 2006. The original complaint was never served, and in 2011 Worm filed and served an amended complaint. The District Court granted Peterson's motion for a change of venue in 2012 and she answered, asserting self-defense and other defenses. In August 2013 Worm moved to vacate the trial setting because he was incarcerated as a result of felony convictions in Gallatin County. The District Court set a new trial date and Worm moved to vacate again because he was still incarcerated. Peterson objected to a continuance and the District Court denied Worm's motion.

¶4     When Worm's attorney withdrew in December 2013, Worm proceeded representing himself and filed several motions. The District Court vacated other trial settings in 2014 at Worm's request, and Peterson (also appearing pro se) objected and requested that the matter proceed to a conclusion. Worm claimed that his former attorney

had waived jury trial without his consent, and claimed that he was entitled to personally attend trial even though he was still incarcerated. Worm failed to comply with several deadlines in the pretrial order for exchange of exhibits and other matters, including failing to comply with directives to address issues regarding his appearance at trial.

¶5 The District Court considered a number of factors concerning the posture of Worm's case in the context of Rule 16(f), M. R. Civ. P., which allows a district court "on motion or on its own" to issue "any just orders" if a party is not prepared to participate in pending litigation. The District Court balanced Peterson's desire to have the matter concluded with the policy in favor of resolution on the merits, all in the context of Worm's continued incarceration. The District Court noted that the case arose from an event in 2006 and that Worm waited five years to serve Peterson with summons; that the case was filed in an improper venue necessitating a motion from Peterson; that Worm had asked for repeated postponements of the trial while Peterson consistently opposed delays; that Worm disavowed his former attorney's waiver of jury trial which caused confusion and delay; and that Worm's incarceration caused delays that could not be adequately addressed.

¶6 The District Court also considered that the delays attributable to Worm since the underlying event in 2006 prejudiced Peterson, noting the passage of time; Peterson's continued requests to conclude the case; Worm's failure to timely disclose evidence relevant to Peterson's assertion years before that she acted in self-defense; and that Worm improperly sought admission of records without a foundation.

3

¶7 The District Court determined that the posture of the case and Worm's failure to comply with the requirements of the final pretrial order required sanction under Rule 16(f), M. R. Civ. P. The District Court considered other sanctions but determined that dismissal of the action was the only result that would adequately address the issues. We have upheld dismissal of an action by an incarcerated plaintiff in similar circumstances. *Hanschulz v. Michael*, 2005 MT 189, 328 Mont. 95, 117 P.3d 908.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶9 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

4